UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARTER PAGE,<br><br>                        Plaintiff,<br><br>v.<br><br>DEMOCRATIC NATIONAL COMMITTEE; PERKINS COIE LLP; MARC ELIAS; AND MICHAEL SUSSMANN,<br><br>                        Defendants. | Case No. CIV-18-1019-HE |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S IMPROPER
"NOTICE OF SUPPLEMENTAL AUTHORITIES"**

Defendants[1] move to strike Plaintiff Carter Page's purported "Notice of Supplemental Authorities" and accompanying exhibits (the "Supplemental Submission") (Dkt. 27) not only because it fails to comply with the local rules for filing notices of supplemental authority, but at least equally importantly because it improperly attempts to inject information that is outside Page's Complaint and irrelevant to the issues before the Court. On January 22, 2019, just one business day after Defendants filed a reply in support of their motion to dismiss and briefing on the motion was thus complete, Page filed a lengthy cover letter and three appended exhibits: (1) an excerpt of a *Washington Post* news article; (2) a letter to the U.S. Attorney for the District of Connecticut concerning an alleged investigation of former FBI General Counsel James Baker; and (3) a Memorandum

---

[1] Defendants are the Democratic National Committee, Perkins Coie LLP, Marc Elias, and Michael Sussmann.

Opinion issued by the U.S. District Court for the District of Columbia in *Fridman v. Bean LLC*, No. 17-2041 (D.D.C.). Page's Supplemental Submission should be stricken.

Notices of supplemental authority serve a narrow purpose. They may be filed only to bring to the Court's attention "authority directly relevant to an issue raised in a pending motion." LCvR 7.1(m). Additionally, such notices "shall not contain any argument." *Id.* Supplemental filings that fail to comply with these requirements should be stricken. *See generally Ysais v. New Mexico Judicial Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) ("[A] Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'" (citation omitted)); *McClaflin v. Burd*, No. 14-CV-43, 2014 WL 12648538, *1 (W.D. Okla. July 10, 2014) (confirming that *pro se* plaintiffs are not "relieved of the burden of following the Federal Rules of Civil Procedure or the Court's local rules," and striking supplemental filing as improper).

Page's Supplemental Submission violates both of the limitations set forth in Rule 7.1(m). *First*, the news article and letter do not constitute "authority" in any sense of the term—let alone authority "directly relevant" to the arguments presented in Defendants' motion to dismiss. *See Gen. Elec. Co. v. Latin Am. Imports, S.A.*, 187 F. Supp. 2d 749, 749 n. 1 (W.D. Ky. 2001) (explaining that a notice of supplemental authority "when utilized for the purpose of supplementing argument on pending motions, should be used sparingly and for new, controlling case law"). And the *Fridman v. Bean LLC* D.D.C. decision—issued by a *different* court, addressing claims by *different* plaintiffs against *different* defendants based on *different* allegations and challenged statements—is simply inapposite. Thus, far from the sort of intervening "controlling case law" that may properly be the

subject of a supplemental filing, Page's submission—much like his brief opposing Defendants' motion to dismiss—represents nothing more than a belated attempt to introduce new and extraneous *factual* information having nothing to do with the claims and allegations contained in his Complaint. *See Jojola v. Chavez*, 55 F. 3d 488, 494 (10th Cir. 1995) ("[I]n determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.").

**Second**, and in any event, Page's "notice"—covering two single-spaced pages—marks a blatant attempt to raise impermissible surreply arguments in response to the brief Defendants filed last Friday. *See* Dkt. 27 at 1-2 (discussing arguments addressed in Defendants' reply brief, citing and quoting from case law, and asserting that "further evidence . . . refutes the Defendants' conclusory allegations"). *Accord Bagnell v. Floyd*, No. 17-CV-049-GKF, 2018 WL 1177413, *2 (N.D. Okla. Mar. 6, 2018) (striking supplemental notices that, "in intent and effect," were improper surreplies); *Moore v. Thomas*, No. 16-CV-397, 2017 WL 4414739, *8 (W.D. Okla. Aug. 24, 2017) (striking plaintiff's supplemental submission in opposition to motion to dismiss as "de facto surreply"). Such unsanctioned and gratuitous argumentation independently justifies striking Page's filing.

For these reasons, Defendants respectfully request that the Court grant the instant motion and strike Page's Supplemental Submission from the record.

\* \* \*

Dated: January 25, 2019

                                    Respectfully submitted,

                                    /s/ Kathryn H. Ruemmler
_____
George S. Corbyn, Jr. (OBA number 1910)
CORBYN HAMPTON BARGHOLS PIERCE, PLLC
211 North Robinson, Suite 1910
One Leadership Square
Oklahoma City, Oklahoma 73102
Telephone: (405) 239-7055
gcorbyn@corbynhampton.com

Kathryn H. Ruemmler (*pro hac vice*)
Stephen P. Barry (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
kathryn.ruemmler@lw.com
stephen.barry@lw.com

Nicholas L. McQuaid (*pro hac vice*)
Matthew S. Salerno (*pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue,
New York, N.Y. 10022
Telephone: (212) 906-1200
nicholas.mcquaid@lw.com
matthew.salerno@lw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel registered for ECF.

/s/ Kathryn Ruemmler
Kathryn Ruemmler (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
kathryn.ruemmler@lw.com

*Attorney for Defendants*