**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CARTER PAGE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-18-1019-HE |
| ) | |
| DEMOCRATIC NATIONAL ) | |
| COMMITTEE, *et al.* ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Carter Page, proceeding *pro se*, filed this action against the Democratic National Committee ("DNC"), the Perkins Coie LLP law firm, Marc Elias, and Michael Sussman, alleging several federal and state law claims. Dr. Page generally alleges that he was defamed or otherwise impacted by false allegations about him which were generated by defendants and ultimately disseminated by the media. Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), (b)(2), and (b)(6). The court concludes the motion should be granted, as the court lacks personal jurisdiction over the defendants.

The test for personal jurisdiction is twofold. The court must determine (1) whether any applicable statute authorizes the service of process on defendant and (2) whether the exercise of such statutory jurisdiction comports with constitutional due process standards. Anzures v. Flagship Rest. Grp., 819 F.3d 1277, 1279 (10th Cir. 2016). Because Oklahoma's long-arm statute permits the exercise of jurisdiction to the full extent allowed by the Constitution, the question becomes whether maintenance of the suit satisfies due process requirements. *Id.*; 12 OKLA. STAT. § 2004(F) ("A court of this state may exercise

jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States.").

Due process is not offended by the exercise of jurisdiction over a nonresident defendant so long as that defendant has "'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" Dudnikov v. Chalk & Vemillion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Whether a nonresident individual or company has the necessary minimum contacts with the forum state is decided on the particular facts of each case and plaintiff has the burden of establishing personal jurisdiction. Id. at 1069.

A court may exercise either general or specific jurisdiction over a defendant. Plaintiff seeks to rely on both.

Plaintiff has not shown a basis for general jurisdiction over defendants. For individual defendants, general jurisdiction ordinarily exists where the individual is domiciled. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Plaintiff has offered nothing to suggest that the individual defendants are domiciled in Oklahoma and it appears undisputed that none of them are.

For corporations or similar entities, the inquiry is whether the defendant's "affiliations with the State are so 'continuous and systematic as to render [the defendant] essentially at home in the forum State." Id. at 139 (2014) (quoting Goodyear Dunlop Tires Ops., S.A. v. Brown, 564 U.S. 915, 919 (2011)). This analysis looks to the specific nature of the defendants' affiliations with the forum, as a defendant corporation cannot be

considered "at home" in every state in which it "engages in a substantial, continuous, and systematic course of business." Daimler AG, 571 U.S. at 137-38. Ordinarily, a corporation is deemed to be "at home" in the state where it is incorporated, where it has its principal place or business, or both. *Id*.; *see also* Am. Fidelity Assur. Co. v. Bank of N.Y. Mellon, 810 F.3d 1234, 1240-41 (10th Cir. 2016). Here, there is no suggestion that either the DNC or the defendant law firm were incorporated in, or had its principal place of business in, Oklahoma.

Plaintiff argues that because the DNC has a state affiliate in Oklahoma—the Oklahoma Democratic Party—and because the DNC makes contributions to that affiliate, the DNC is "at home" in Oklahoma. Such factors may qualify as continuous and systematic contacts between Oklahoma and the DNC, but they do not establish that the DNC is "at home" in Oklahoma. The DNC is a national organization with local affiliates throughout the United States. It cannot be "at home" in every state. That is essentially the formulation the Supreme Court rejected in Daimler. *Id*. at 137-138.

In sum, plaintiff has not suggested any plausible basis for concluding that personal jurisdiction over the defendants can be based on general jurisdiction.

Plaintiff has also not shown a basis for specific jurisdiction over the defendants, all of whom are organized or situated elsewhere. Specific jurisdiction depends "on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 284 (2014). Because plaintiff's claims are in the nature of tort claims, the court must "consider 'whether the nonresident defendant "purposefully directed" its activities at the forum state.'" Anzures, 819 F.3d at 1280 (quoting Dudnikov, 514 F.3d at 1071).

"[P]urposeful direction exists when there is 'an intentional action . . . expressly aimed at the forum state . . . with [the] knowledge that the brunt of the injury would be felt in the forum state.'" *Id*. (quoting Dudnikov, 514 F.3d at 1072).  A plaintiff's injuries also must "'arise out of' [the] defendant's forum-related activities." Dudnikov, 514 F.3d at 1071 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472(1985)).  "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Walden, 134 S. Ct. at 1121 (emphasis in original).

Plaintiff does not offer any facts which suggest that defendants' alleged acts were purposefully directed at the State of Oklahoma or that their suit-related conduct had a substantial connection with Oklahoma.  Rather, the complaint and plaintiff's related submissions indicate the alleged conduct took place elsewhere.  Plaintiff alleges that he owns a corporation based in Oklahoma, but there is no plausible basis alleged for concluding that defendants alleged actions were somehow directed at that corporation or plaintiff's interest in it, or that defendants even knew of its existence.

In short, plaintiff's submissions do not make even a *prima facie* showing of a basis for specific jurisdiction over these defendants.

In the absence of a basis for either general or specific jurisdiction, personal jurisdiction over the defendants is lacking and the case must be dismissed.  It is therefore

unnecessary to determine whether the court has subject matter jurisdiction or whether the complaint otherwise states a claim.[1]

## Conclusion

This court lacks personal jurisdiction over defendants. Defendants' motion to dismiss [Doc. #20] is therefore **GRANTED** and this case is **DISMISSED.**

**IT IS SO ORDERED.**

Dated this 31st day of January 2019.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

[1] *Subject matter jurisdiction is doubtful, as plaintiff claims he is not presently a citizen of any state, which defeats diversity jurisdiction. It is also doubtful whether he has stated a colorable federal claim sufficient to invoke federal question jurisdiction. However, in light of the court's determination above, it is unnecessary to resolve those questions definitively now.*