UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARTER PAGE,<br><br>                Plaintiff,<br><br>v.<br><br>DEMOCRATIC NATIONAL COMMITTEE; PERKINS COIE LLP; MARC ELIAS; AND MICHAEL SUSSMANN,<br><br>                Defendants. | Case No. CIV-18-1019-HE |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

In a thorough and well-reasoned decision, this Court dismissed Plaintiff Carter Page's Complaint on January 31, 2019 based on his failure to establish personal jurisdiction over any of the Defendants. Order (Doc. No. 29). Further, although the Court did not specifically rule on the issue of subject-matter jurisdiction or the merits of Plaintiff's allegations, the Court observed that the existence of either diversity or federal-question jurisdiction was—at best—"doubtful." *Id.* at 5 n.1 (noting that Plaintiff disclaims any present state citizenship, and deeming it "doubtful whether [Plaintiff] ha[d] stated a colorable federal claim").

This Court's ruling was correct and final, and there is no reason to revisit it. In his Motion to Amend, filed four weeks after this Court's dismissal Order, Plaintiff asserts that "alteration and amendment" of the Court's Order "is appropriate given the clarification of supplemental authorities provided by the Plaintiff that help to confirm this Court's specific personal jurisdiction." Pl.'s Mot. to Alter Judgment Granting Defs.' Mot. to Dismiss (Doc.

No. 33) ("Mot.") at 1. But Plaintiff has not identified any error—let alone "clear error"—in the Court's prior analysis, nor cited any new law or evidence undermining the Court's decision. Rather, Plaintiff regurgitates the same flawed assertions that this Court already rejected, and cites his continued stream of irrelevant "supplemental authority"—comprising extrinsic fact materials outside his now-dismissed Complaint—to suggest the Court somehow got it wrong. Plaintiff's motion should be denied.

I.   **PLAINTIFF HAS NOT ESTABLISHED ANY BASIS FOR THE EXCEPTIONAL REMEDY OF RECONSIDERATION**

Plaintiff purports to invoke Rules 52(b) and 59(e) in support of his request for reconsideration of the Court's January 31 Order. As an initial matter, Rule 52(b) "applies only to cases in which a district court issues factual findings following a trial on the merits," *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1237 (10th Cir. 2007), and therefore is inapplicable to the Court's Rule 12 dismissal on the pleadings.

Rule 59(e) is equally inapposite. "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) (citation omitted). Specifically, the narrow "[g]rounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). Accordingly, reconsideration is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments

or supporting facts which were available for presentation at the time of the original argument." *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (citation omitted).

Here, Plaintiff's Motion is nothing more than a last-ditch effort to re-litigate the same jurisdictional arguments this Court considered and rejected in its Order. Plaintiff asserts, for example, that Defendants' vaguely-defined "offenses allegedly led to abuse of process in the U.S. Foreign Intelligence Surveillance Court," and that "[t]he brunt of these injuries were felt in Oklahoma." Mot. at 8. But Plaintiff advanced the exact same argument before. *See* Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. No. 22) at 12-15 (arguing that "[p]ersonal jurisdiction in this case is readily self-evident" given allegations of "[t]he Defendants' direct role in initiating the primary basis for Abuse of Process in the U.S. Foreign Intelligence Surveillance Court" and "[t]he life-threatening damages suffered by the Plaintiff at his principal place of business in Oklahoma"). And this Court properly rejected that argument the first time around. Concluding that Plaintiff had failed to "make even a *prima facie* showing of a basis for specific jurisdiction over" any Defendant, the Court observed:

> Plaintiff does not offer any facts which suggest that defendants' alleged acts were purposefully directed at the State of Oklahoma or that their suit-related conduct had a substantial connection with Oklahoma. Rather, the complaint and plaintiff's related submissions indicate the alleged conduct took place elsewhere. Plaintiff alleges that he owns a corporation based in Oklahoma, but there is no plausible basis alleged for concluding that defendants alleged actions were somehow directed at that corporation or plaintiff's interest in it, or that defendants even knew of its existence.

Order at 4.

In short, Plaintiff comes nowhere close—and indeed does not even attempt—to identify the sort of "clear error" or "change in the controlling law" that would justify reconsideration of the Court's decision. *See* Mot. at 5 (arguing merely that "facts previously presented by the Plaintiff to the Court" should have been sufficient to support personal jurisdiction).[1]

## II. PLAINTIFF'S SECOND AND THIRD "SUPPLEMENTAL AUTHORITY" SUBMISSIONS ARE IMPROPER AND IRRELEVANT

By the same token, this Court should disregard Plaintiff's second and third purported "Notice[s] of Supplemental Authority" (Doc. Nos. 31 & 34). Plaintiff's attempt to continue making supplemental submissions in support of a motion *that was already decided* is flatly improper. *See* LCvR 7.1(m) (noting that submissions of supplemental authority serve a narrow purpose, and are permissible only to alert the Court to "authority directly relevant to an issue raised in a *pending* motion" (emphasis added)).[2] Moreover, for the reasons explained in Defendants' motion to strike Plaintiff's first supplemental

---

[1] To the extent Plaintiff is accusing the Court of not addressing each and every one of his scattershot arguments and submissions in its ruling, *see* Mot. at 4 (suggesting that Plaintiff's so-called "Supplemental Authorities Part 1" was "apparently not considered in" the Court's dismissal decision), he is misguided. "Typically, a court's order recites only those facts and arguments deemed relevant to the issues placed before it and necessary to the analysis of those issues. It is not . . . logical to infer that simply where the court did not outline all the exhibits and arguments set forth by plaintiff that such exhibits and arguments were disregarded by the court." *Hatten v. White*, 2001 WL 476063, at *4 (D. Kan. Apr. 27, 2001). There is no reason here to doubt that this Court properly considered all of the arguments presented in rendering its dismissal decision.

[2] Defendants' motion to strike Plaintiff's first supplemental filing was mooted by the Court's dismissal of the case. *Cf. Pemberton v. Patton*, 2015 WL 1638638, at *8 (W.D. Okla. Apr. 13, 2015) (denying pending motions "as moot" upon "dismissal of th[e] action"). Nonetheless, Plaintiff proceeded to file a "reply in opposition" to the motion to strike on February 13, 2019 (Doc. No. 32)—two weeks after the Court dismissed his case.

filing (Doc. No. 28), the extrinsic fact materials Plaintiff relies upon are irrelevant to his jurisdictional arguments in any event.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend should be denied.

Dated: March 20, 2019

Respectfully submitted,

 /s/ Kathryn H. Ruemmler
George S. Corbyn, Jr. (OBA number 1910)
CORBYN HAMPTON BARGHOLS
PIERCE, PLLC
211 North Robinson, Suite 1910
One Leadership Square
Oklahoma City, Oklahoma 73102
Telephone: (405) 239-7055
gcorbyn@corbynhampton.com

Kathryn H. Ruemmler (*pro hac vice*)
Stephen P. Barry (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
kathryn.ruemmler@lw.com
stephen.barry@lw.com

Nicholas L. McQuaid (*pro hac vice*)
Matthew S. Salerno (*pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, N.Y. 10022
Telephone: (212) 906-1200
nicholas.mcquaid@lw.com
matthew.salerno@lw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel registered for ECF.

 /s/ Kathryn H. Ruemmler
------

Kathryn Ruemmler (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
kathryn.ruemmler@lw.com

*Attorney for Defendants*