# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARTER PAGE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-18-1019-HE |
| ) | |
| DEMOCRATIC NATIONAL ) | |
| COMMITTEE, *et al.* ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff has moved to alter or amend the judgment in this case based on Fed.R.Civ.P. 52(b) and 59(e), essentially seeking reconsideration of the court's earlier determination that this court lacks personal jurisdiction over the defendants. Rule 52(b) is inapplicable here, as it applies "only to cases in which a district court issues factual findings following a trial on the merits." Trentadue v. Integrity Comm., 501 F.3d 1215, 1237 (10th Cir. 2007). A motion to amend based on Rule 59(e) "should be granted only to correct manifest errors of law or to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

No basis for relief under Rule 59 is present here. The evidence which plaintiff relies on is essentially the same evidence he offered in response to the motion to dismiss. Further, that evidence, involving alleged threats to him from persons located in Oklahoma, does nothing to undercut the court's conclusion that there has been no showing that the defendants purposefully directed their activities at Oklahoma. *See* Anzures v. Flagship

Rest. Grp., 819 F.3d 1277, 1280 (10th Cir. 2016) (citing Dudnikov v. Chalk & Vemillion Fine Arts, Inc., 514 F.3d 1063, 1072 (10th Cir. 2008)).

Plaintiff's motion to alter or amend the judgment [Doc. #33] is **DENIED**.

**IT IS SO ORDERED.**

Dated this 4th day of April, 2019.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE