## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARTER PAGE,<br><br>                      Plaintiff,<br><br>v.<br><br>DEMOCRATIC NATIONAL<br>COMMITTEE; PERKINS COIE LLP;<br>MARC ELIAS; AND MICHAEL<br>SUSSMANN,<br><br>                      Defendants. | Case No. CIV-18-1019-HE |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION

On April 4, 2019, this Court denied Plaintiff's motion to reconsider the dismissal of his complaint for lack of jurisdiction, observing that the extrinsic "evidence" Plaintiff relied upon was "essentially the same evidence he offered in response to [Defendants'] motion to dismiss" and in any event did "nothing to undercut the court's conclusion that there has been no showing that <u>the defendants</u> purposefully directed their activities at Oklahoma." Order (Doc. No. 36) at 1 (emphasis original).  The very next day, Plaintiff filed yet another motion for reconsideration, similarly attaching an array of extraneous factual material.  *See* Notice of Supp. Authority & Mot. for Reconsideration (Doc. No. 37) (the "Second Reconsideration Motion" or "Mot.").  Plaintiff's Second Reconsideration Motion is untimely, and in any event merely repeats the same unfounded arguments that this Court rejected the first and second times around.  Plaintiff's motion should be denied, and this case should be dismissed with prejudice.  Additionally, in light of Plaintiff's repeated

filings, Defendants respectfully request that the Court require Plaintiff to reimburse the fees and costs they have incurred in responding to this frivolous motion.

As a threshold matter, insofar as Plaintiff is challenging the Court's dismissal decision issued more than 13 weeks ago, his Second Reconsideration Motion is untimely and should be denied on that basis alone. A Rule 59 motion "must be filed no later than 28 days after the entry of the judgment," FED. R. CIV. P. 59(e), and "[a] court cannot enlarge the time for filing a rule 59(e) motion," *Arnold v. Farmers Ins. Co. of Arizona*, 2012 WL 1684537, at *9 (D.N.M. May 10, 2012) (citing *Brock v. Citizens Bank of Clovis*, 841 F.2d 344, 347 (10th Cir. 1988)).[1]  Plaintiff's Second Reconsideration Motion was filed more than 28 days after Plaintiff's complaint was dismissed, and is therefore untimely. *See* Order (Doc. No. 29).

In any event, Plaintiff's motion fails equally on the merits. Asserting that his prior motion constituted merely "an interim preliminary filing . . . which began to partially demonstrate how . . . personal jurisdiction" exists, Plaintiff contends that this latest submission "directly address[es] the prior evidentiary deficiencies related to the purposeful direction of the Defendants [*sic*] activities toward Oklahoma as well as other associated jurisdiction-related considerations." Mot. at 2-3. It does no such thing.

Instead, Plaintiff's Second Reconsideration Motion is an impermissible "attempt to

---

[1] To be sure, in narrow circumstances a court may consider a Rule 59 motion brought more than 28 days after entry of judgment as a Rule 60(b) motion for relief from judgment; but "a court will not generally treat an untimely rule 59(e) motion as a rule 60(b) motion when"—as here—"the party is seeking 'reconsideration of matters properly encompassed in a decision on the merits contemplated by Rule 59(e).'" *Id.* (quoting *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005)).

relitigate" the same arguments now *twice* rejected by this Court. *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (affirming denial of reconsideration); *see also Whitmore v. Mask*, 612 F. App'x 501, 504 (10th Cir. 2015) (finding district court "did not abuse its discretion in denying" reconsideration where "Plaintiff's Rule 60(b) motion reiterated the same assertions that were raised and rejected in his pleadings on the motion to reopen").[2]  As before, Plaintiff repeats the vague assertion that Defendants' alleged actions had an "impact on the Plaintiff in Oklahoma," and speculates that Defendants "would have reason to know . . . that the brunt of their [purported conduct] would be primarily felt in this forum state." Mot. at 3-4.  This Court previously rejected that assertion as factually unsupported and, in any event, irrelevant to the question whether Defendants "*purposefully directed*" any of their alleged activities at Oklahoma, Order (Doc. No. 36) at 1 (emphasis added), and it should do so again—for a third and final time—here.

Under the circumstances, Defendants also respectfully request that the Court direct Plaintiff to reimburse Defendants' fees and costs related to the instant motion, and dismiss this action with prejudice.  Disregarding this Court's April 4 Order, Plaintiff filed his

---

[2] Plaintiff alternatively characterizes his latest filing as a "motion to alter or amend" under Rule 59(e) and as a "motion for relief from judgment" under Rule 60(b). *See* Mot. at 1 & n.1.  Either way, Plaintiff's Second Reconsideration Motion comes nowhere close to demonstrating the sort of "exceptional" or "extraordinary" circumstances warranting reconsideration. *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (pro se plaintiffs had not shown "any of the exceptional circumstances warranting relief under Rule 60(b)" where their motion "reiterated the original issues raised in" prior pleadings); *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) ("A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple.").

Second Reconsideration Motion repeating the exact same recycled arguments that the Court had unequivocally rejected just one day prior.  And Plaintiff has indicated that this stream of irrelevant submissions will only continue in the future.  *See* Mot. at 9-10 (suggesting that "additional discovery" is forthcoming).

Enough is enough.  "Federal courts have the inherent power and discretion to fashion an appropriate sanction for conduct which abuses the judicial process," and "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *U.S. v. Akers*, 561 F. App'x 769, 771 (10th Cir. 2014) (internal quotation marks omitted) (affirming district court's imposition of filing restrictions on pro se party).[3]  Here, Plaintiff's repeated filings waste the Court's (and Defendants') time and resources, and undermine the interest in finality.  *Accord Arnold*, 2012 WL 1684537, at *7 ("Courts have . . . discouraged successive rule 59(e) motions as wasteful of judicial resources. . . . [P]arties generally get only one bite at the rule 59(e) apple for the purpose of tolling the time for bringing an appeal.").  Accordingly, this Court should award Defendants costs and fees, and dispose of this case with prejudice or otherwise enjoin

---

[3] Although pro se filings are generally held "to a less stringent standard than formal pleadings drafted by lawyers, the Court will not permit the continued filing of motions that lack any basis in law." *Arnett v. Howard*, 2013 WL 5835931, at *2 (D. Utah Oct. 29, 2013) (citation omitted) (warning plaintiff that "the continued filing of improper and frivolous motions may result in the future imposition of sanctions"); *see also Coffman v. Hutchinson Cmty. Coll.*, 2017 U.S. Dist. LEXIS 195557, at *8 (D. Kan. Nov. 29, 2017) (making clear that pro se parties are "expected to follow the Court's rules and refrain from excessive filings, which inappropriately tax the resources of the Court").

Plaintiff from filing any further unfounded motions to reconsider the dismissal of his complaint.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Second Reconsideration Motion, direct Plaintiff to reimburse Defendants' related fees and costs, and dismiss this action with prejudice.

Dated: April 17, 2019

<div style="margin-left:40%">

Respectfully submitted,

/s/ Kathryn H. Ruemmler
_____

George S. Corbyn, Jr. (OBA No. 1910)
CORBYN HAMPTON BARGHOLS
PIERCE, PLLC
211 North Robinson, Suite 1910
One Leadership Square
Oklahoma City, Oklahoma  73102
Telephone: (405) 239-7055
gcorbyn@corbynhampton.com

Kathryn H. Ruemmler (*pro hac vice*)
Stephen P. Barry (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004
Telephone: (202) 637-2200
kathryn.ruemmler@lw.com
stephen.barry@lw.com

Nicholas L. McQuaid (*pro hac vice*)
Matthew S. Salerno (*pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, N.Y. 10022

</div>

Telephone: (212) 906-1200
nicholas.mcquaid@lw.com
matthew.salerno@lw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel registered for ECF.

 /s/ Kathryn H. Ruemmler
Kathryn Ruemmler (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
kathryn.ruemmler@lw.com

*Attorney for Defendants*